UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIOSNI G.P.,[1] | No. 2:26-cv-01278-TLN-EFB |
| Petitioner, | A# 213-449-605 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Aliosni G.P.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2]  (ECF No. 1.)  Respondents filed a response.  (ECF No. 6.)  For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.  (This Order does not reach the March 5, 2026 order granting voluntary departure, which is currently on appeal before the Board of Immigration Appeals.)

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    *Pro se* pleadings are given the benefit of liberal construction.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

1

## I.    FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is not a United States citizen, but he is seeking asylum here. (ECF No. 1 at 3.) Petitioner applied for asylum in 2023. (*Id.* at 40.)  In 2025, he also applied to adjust his immigration status as the husband of a lawful permanent resident. (*Id.* at 41, 43.) Petitioner has no criminal history in the United States. (ECF No. 6-2 at 3.)

On January 27, 2026, Florida highway patrol stopped Petitioner and arrested him due to his immigration status. (*See* ECF No. 6-2 at 2.) Petitioner was then transferred to immigration detention. (*Id.*) At the time of his arrest, there was no order of removal for Petitioner. (ECF No. 1 at 35–36.)

On March 5, 2026, Petitioner attended an immigration hearing. (ECF No. 1 at 2.)  He alleges he was confused and overwhelmed and unwittingly agreed to voluntary departure. (*Id.*; ECF No. 6-1.)  Petitioner has since appealed the order granting voluntary departure to the Board of Immigration Appeals. (ECF No. 1 at 3, 14–29.)

In over three months of detention, Petitioner has not received a bond hearing while in custody. (*Id.* at 3.)  Petitioner now challenges the lawfulness of his civil detention. (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

2

**III.    ANALYSIS**

Petitioner claims his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 8.)  The Court addresses each claim in turn.

A.    Immigration and Nationality Act

Petitioner alleges his detention violates the INA, 8 U.S.C. § 1226(a) because he has not received a prompt and individualized custody determination hearing.  (ECF No. 1 at 8.)  Respondents contend that, since April 7, 2026 (day after deadline for voluntary departure), Petitioner is detained with a final order of removal under 8 U.S.C. § 1231.  (ECF No. 6 at 3.)  However, Respondents identify no authority for Petitioner's initial arrest and first ten weeks of detention.  (*See* ECF No. 6.)

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Additionally, § 1226(a) authorizes discretionary detention upon issuance of an administrative warrant.

The vast majority of courts across this Circuit, including this one, have found 8 U.S.C. § 1226(a) applies to noncitizens like Petitioner who reside in the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

For these reasons, and consistent with this Court's numerous prior rulings, the Court finds

Petitioner's detention was governed by § 1226(a) from at least January 27, 2026 to April 6, 2026.[3] Thus, Petitioner was entitled to the process required by that provision including a bond hearing, at minimum. Yet, Respondents did not provide Petitioner any such bond or custody hearing while the statute governed. Additionally, there is no evidence in the record that Respondents had a valid warrant for Petitioner's arrest.[4] *See Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).") (emphasis in original). Therefore, Respondents have violated § 1226(a) of the INA.

B.    Fifth Amendment Procedural Due Process

Petitioner also alleges his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 8.) The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

[3]    Neither party's brief addresses the impact of Petitioner's appeal on detention authority. If the final order of removal is stayed, Petitioner's detention would still be governed by § 1226(a). Finding relief warranted on the basis of Petitioner's initial detention and the lack of procedural safeguards in the first ten weeks of his detention, the Court does not make any finding as to current statutory authority. As discussed below, a shifting statutory authority does not diminish nor cure the violations found here.

[4]    The Court ordered Respondents to file, *inter alia*, "any custody warrants or notices" for Petitioner. (ECF No. 4.) Respondents did not produce any warrants or notices for Petitioner's 2026 arrest which led to the contested detention. (*See* ECF No. 6.)

*i. Liberty Interest*

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has lived in the United States for at least three years, during which he built a life, married a legal permanent resident, and sought immigration relief here. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

*ii. Procedures Required*

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for over three months without any opportunity to be heard as to the justification of his detention, way from his wife and community.

Petitioner's interest may be diminished slightly because he agreed to voluntary departure, however, an agreement to leave the country does not extinguish Petitioner's liberty while he is here; additionally, he is actively appealing that order.[5]  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received adequate process, either pre- or post-detention.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  At the time of Petitioner's arrest and first ten weeks of his detention, Petitioner was not subject to a final order of removal. Additionally, Respondents own records show Petitioner has no criminal history in the United States (ECF No. 6-2 at 3), nor do Respondents contend that Petitioner is a danger to the public or a flight risk.  Therefore, the risk that he was detained without proper justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide

---

5  As discussed above, Respondents contend that Petitioner is now subject to detention under 8 U.S.C. § 1231 because the voluntary departure order has become a final order of removal. (ECF No. 6 at 1–2.)  Respondents do not address how Petitioner's appeal impacts the purported detention authority, but even assuming § 1231 is the proper authority, Petitioner's claim is constitutional and it does not evaporate with a shifting basis for statutory authority.  *See Alvarenga Matute v. Wofford*, No. 1:25-CV-01206-KES-SKO, 2025 WL 2996577, at *4 (E.D. Cal. Oct. 24, 2025) (A "change in the applicable statutory authority [for detention] does not render moot petitioner's due process claim"); *Doe v. Becerra*, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023) ("[J]ust as the "shall" in [§] 1226 gives way to as-applied due process challenges, so too must the 'shall' in [§] 1231(a)." (citing *Demore v. Kim*, 538 U.S. 526 (2003); *Nielsen v. Preap*, 586 U.S. 392 (2019)); *Hernandez Gomez v. Becerra*, No. 23-cv-01330-WHO, 2023 WL 2802230, at *3 (N.D. Cal. Apr. 4, 2023))).  Thus, even if it applies, Petitioner's liberty interest is not extinguished by § 1231.

Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at \*5 (E.D. Cal. July 14, 2025).  Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards.  Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a).  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation.

At a minimum, Petitioner was entitled to notice and a hearing to justify his detention.  Respondents do not meaningfully engage with Petitioner's due process claim and have not provided any substantive opposition to the contrary.  (*See generally* ECF No. 6.)  Petitioner was not provided any notice nor pre- or post-deprivation hearing.  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.  CONCLUSION**

Respondents detained Petitioner in violation of the Fifth Amendment and federal law.  Accordingly, IT IS HEREBY ORDERED:

1. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Petitioner's Motion to Expedite Proceedings (ECF No. 7) is denied as moot.

3. Respondents must IMMEDIATELY RELEASE Petitioner Aliosni G.P. (A# **213-449-605**) from custody.  At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions.

4. **Respondents must file a notice of compliance with this Order by May 11, 2026.**

5. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the

7

government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk is directed to serve the **California City Corrections Center** with a copy of this Order.

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 8, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE